**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**William HETRICK, Defendant-Appellee.**

**UNITED STATES of America,
Petitioner,**

v.

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA,
Respondent,**

**and**

**William Hetrick, Real Party in Interest.**

**Nos. 80–1171, 80–7192.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1980.

Decided Sept. 16, 1980.

Before GOODWIN and PREGERSON, Circuit Judges, and SCHWARZER,* District Judge.

PREGERSON, Circuit Judge:

The government appeals, and alternatively seeks mandamus, to obtain review of the district court's order reducing, pursuant to Fed.R.Crim.P. 35, appellee's sentence of imprisonment from five to three years. We conclude that the district court's order is appealable under 28 U.S.C. § 1291; accordingly, mandamus is unavailable. We further conclude that Rule 35 does not empower the district court to enter the challenged order; therefore, we reverse.[1]

After a jury trial in federal district court, William Hetrick was convicted of mail fraud, securities fraud, interstate transportation of money obtained by fraud, and both conspiracy and aiding and abetting with respect to those substantive offenses. He received a combination of consecutive and concurrent sentences resulting in a prison term of ten years. We affirmed the convictions, *United States v. Hetrick*, Nos. 77–2798 et al. (9th Cir. Dec. 11, 1978) (unpublished memorandum), and issued a mandate received by the district court on April 10, 1979.

Three days later, on April 13, 1979, Hetrick moved under Fed.R.Crim.P. 35 for a reduction of his ten year sentence. This motion was filed well within the 120 day period required by Rule 35.[2] On May 14, 1979, the district court granted the motion and reduced Hetrick's prison term to five years. The government does not appeal that order.

Michael D. Hawkins, Phoenix, Ariz., for plaintiff-appellant.

Dennis J. Skarecky, Phoenix, Ariz., for defendant-appellee.

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1. On June 2, 1980, we entered an order vacating the district court's order and reinstating Hetrick's five year sentence. Our order stated that an opinion would follow.

2. Fed.R.Crim.P. 35 provides:

   The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. *The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.* The court may also reduce a sentence upon revocation of probation as provided by law.

Then, on September 12, 1979, 155 days after the mandate was received, Hetrick moved the district court to reconsider its May 14, 1979 order reducing his sentence to five years. Hetrick's motion requested that his sentence be further reduced to three years because the sentences of his co-conspirators had been so reduced. On December 20, 1979, the district court denied the motion for reconsideration. The district court ruled that it lacked jurisdiction to entertain the motion for reconsideration because the motion had not been filed within 120 days of receipt of this court's mandate as required by Rule 35.

On February 4, 1980, 300 days after the district court received the mandate, Hetrick moved the court to reconsider his earlier motion for reconsideration. The district court granted the motion and reduced Hetrick's sentence to three years. The government, contending that the district court, under these circumstances, had no jurisdiction to reduce the sentence to three years, filed a notice of appeal and a petition for mandamus.

The decision to file both a notice of appeal and, alternatively, a petition for mandamus reflects the government's uncertainty, based on past Ninth Circuit case law, as to the proper procedural vehicle for review of an order reducing a criminal sentence. There are three possible jurisdictional bases for review: (1) 28 U.S.C. § 1291, authorizing appeals from final orders; (2) 18 U.S.C. § 3731, authorizing government appeals from certain orders in criminal cases; and (3) 28 U.S.C. § 1651, authorizing mandamus petitions. This court has, in the past, permitted review of sentencing orders by way of direct appeal as well as by way of mandamus. *Compare United States v. United States District Court*, 509 F.2d 1352 (9th Cir.) (mandamus granted), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975) *with United States v. United States District Court*, 601 F.2d 379 (9th Cir. 1978) (mandamus denied because of availability of review under 28 U.S.C. § 1291). In the earlier case, 509 F.2d 1352, we granted mandamus on the authority of *Ex parte United States*,

242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), in which the Supreme Court issued a writ of mandamus directing the district court to vacate an invalid sentencing order. In the later case, 601 F.2d 379, by applying the "independence and completeness" requirements enunciated in *Carroll v. United States*, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957), we concluded that a direct appeal was available under 28 U.S.C. § 1291 and we therefore denied mandamus. Although in the past we have followed different paths, given the "drastic and extraordinary nature of the mandamus remedy [,] . . . . the extremely awkward position in which it places the district judge," *see Will v. United States*, 389 U.S. 90, 106–07, 88 S.Ct. 269, 279, 19 L.Ed.2d 305 (1967), and the Supreme Court's recent expansion, as explained below, of the government's right to appeal in criminal cases, we now conclude that an order reducing a sentence is subject to review only by direct appeal.

I. *Appealability*

■ First we consider the two statutes relating to appealability. 28 U.S.C. § 1291 confers on the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." On its face, section 1291 appears to apply here because a sentencing order is a "final decision." *United States v. United States District Court*, 601 F.2d 379, 380 (9th Cir. 1978). Consequently, section 1291 seemingly provides the necessary jurisdictional basis, unless there is some other statute rendering section 1291 inapplicable.

18 U.S.C. § 3731, the statute ordinarily invoked to authorize government appeals in criminal cases, arguably precludes section 1291 jurisdiction. Section 3731 provides in relevant part:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information . . . .

The provisions of this section shall be liberally construed to effectuate its purposes.

At one time, this court suggested that section 3731 exclusively governs all criminal appeals taken by the government and that section 1291 does not provide an independent jurisdictional basis for review. *See United States v. Apex Distributing Co.*, 270 F.2d 747, 749 (9th Cir. 1959); *Umbriaco v. United States*, 258 F.2d 625, 626 (9th Cir. 1958). Soon after *Apex Distributing* and *Umbriaco* were decided, we held in *United States v. Lane*, 284 F.2d 935, 937–38 (9th Cir. 1960), that neither a sentencing order nor an order modifying a sentence are appealable under section 3731 because such orders are not specifically mentioned in that provision. We also decided that section 1291 did not provide the necessary appellate jurisdiction, implying that the government was precluded from appealing under section 1291 unless the order appealed from was one of those enumerated in section 3731. Thus, section 3731 seemingly limited the scope of section 1291.

■ After *Lane* was decided, the Supreme Court repudiated the notion that government appeals in criminal cases are restricted to the specific categories listed in section 3731. In *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975), and again in *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642

(1977), the Court stated that, by enacting section 3731, "Congress intended to remove all statutory barriers to Government appeals [in criminal cases] and to allow appeals whenever the Constitution would permit." *See also United States v. Marubeni America Corp.*, 611 F.2d 763, 764 (9th Cir. 1980); *cf. United States v. Gonzales*, 617 F.2d 1358 at 1361 n.1 (9th Cir. 1980) (absent double jeopardy problems, government appeals from judgments of acquittal under Rule 29(c) authorized by section 3731).

Under *Wilson* and *Martin Linen Supply*, a government appeal is barred only if it implicates the concerns protected by the Double Jeopardy Clause of the Fifth Amendment. Because an appeal from an order modifying a sentence does not threaten to place the defendant twice in jeopardy, the government is not precluded from appealing a sentencing order. Insofar as our previous decisions suggest that government appeals are restricted to the specific categories listed in section 3731, those decisions have been superceded by *Wilson* and *Martin Linen Supply*.[3] We hold, therefore, that the government may appeal, pursuant to section 1291, a district court's order reducing a sentence.

**II. *Mandamus Petition***

Because the government, pursuant to section 1291, may appeal the district court's order reducing Hetrick's sentence, we deny the petition for mandamus. *See United States v. United States District Court*, 601 F.2d 379, 380 (9th Cir. 1978) (mandamus petitions do not lie where the government has an alternative means of review).

**III. *Reduction of Sentence***

■ Fed.R.Crim.P. 35 authorizes a district court to reduce a sentence within 120 days after the sentence is imposed, or, as in this case, within 120 days after the district court's receipt of a mandate from the court of appeals affirming the judgment of conviction. The time limit established by Rule

---

3. The 1971 amendment to section 3731, providing for its liberal construction, is another subsequent development undermining our previous decisions in *Lane, Umbriaco*, and *Apex Distributing*. See Act of Jan. 2, 1971, P.L. 91–644 § 14(a)(3), 91st Cong., 2d Sess., 84 Stat. 1890.

In light of the mandate for liberal construction, it would be anomalous to hold that section 3731 not only fails to provide a source of jurisdiction, but that it actually eliminates the jurisdiction otherwise provided by section 1291.

35 is jurisdictional. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum); *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir. 1977). *See also* Fed.R.Crim.P. 45(b).

We held in *United States v. United States District Court*, 509 F.2d 1352 (9th Cir.), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975), that the timely filing of a Rule 35 motion does not give a district court jurisdiction to entertain subsequent, untimely Rule 35 motions.[4] The second motion will not be deemed to relate back to the first motion. 509 F.2d at 1356. Nor is the jurisdictional defect cured by styling the subsequent motion as a "motion for reconsideration." *Cf. United States v. United States District Court*, 509 F.2d at 1356 (motion styled as a "motion for clarification").

The district court's order reducing Hetrick's sentence from five to three years is reversed, and the sentence of five years is reinstated.

REVERSED.

---

4. Although Rule 35 states that a court may reduce a sentence within the prescribed 120 day period, the rule has been construed to mean that only the motion must be filed within that period—the court may rule within a reasonable time after the 120 day period has elapsed. *Leyvas v. United States*, 371 F.2d 714, 719 (9th Cir. 1967).