825 P.2d 87

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Roger Lyle CHAPMAN, Defendant–Respondent.**

**No. 18187.**

Court of Appeals of Idaho.

April 30, 1991.

Jim Jones, Atty. Gen., Michael A. Henderson (argued), Deputy Atty. Gen., for plaintiff-appellant.

Robert E. Kinney of Orofino, for defendant-respondent.

SWANSTROM, Judge.

In 1981, Roger Chapman was sentenced to an indeterminate fifteen years for committing the crime of battery with intent to commit rape in Clearwater County, Idaho. He was placed on probation but in 1985 the district court ordered Chapman to serve his sentence after he violated the conditions of probation. Chapman appealed. When the revocation order was upheld on appeal, Chapman filed a motion under I.C.R. 35, asking for probation or a reduction of his sentence. Twenty-nine months later, the district court denied the motion. After another month passed, Chapman filed a "motion for reconsideration." The district court then reversed itself and ordered Chapman released again on probation. The state appeals, contending the district court lacked jurisdiction to reduce Chapman's sentence because of the delay between the filing of the original motion to reduce the sentence and the district court's allowance of the motion on reconsideration, and because Chapman's motion for reconsideration was, in effect, a second motion for a reduction of sentence which furthermore was untimely filed. For reasons expressed below, we vacate the district court order of probation and remand the case for entry of an order denying probation or reduction of the sentence.

In Chapman's former appeal, *State v. Chapman,* 111 Idaho 149, 721 P.2d 1248 (1986), the Supreme Court affirmed the decision of the district court which had revoked Chapman's probation. The remittitur was received by the district court on July 11, 1986. On November 3, 1986, Chapman filed the I.C.R. 35 motion, mentioned above, in which he asked for probation or for a reduction of his sentence. The state responded by filing an objection to the requested relief but did not challenge the timeliness of Chapman's Rule 35 motion.[1]

For two years no further action was taken in the case. During this time, Chapman's attorney withdrew. Then, in July, 1988, the district court ordered preparation of an inmate's progress report on Chapman at the request of Chapman's present counsel. The state filed a second notice of opposition to Chapman's motion, contending that the court could not consider the merits of the motion without encroaching upon the authority and duties of the Commission of Pardons and Parole. The state further asserted that the district court no longer had jurisdiction to entertain the motion. Several hearings were held. Finally, on April 14, 1989, the district court issued an opinion and order denying Chapman's Rule 35 motion. The opinion addressed the timeliness of Chapman's motion, concluding that it was timely. The court also addressed an argument made by Chapman concerning the validity of his guilty plea to an offense which had been used to terminate his probation. The court's opinion did not discuss the merits of Chapman's motion. Rather, the "bottom line" stated only that "[Chapman's] Motion ... seeking probation or in the alternative, a reduction of sentence is hereby DENIED."

Chapman remained in custody of the Board of Correction. However, on May 15,

---

1. Under I.C.R. 35, as it existed when Chapman was sentenced in 1981, a motion for reduction of sentence could be filed within 120 days following receipt of a remittitur after an unsuccessful appeal. The rule was amended effective July 1, 1986, to delete this provision. In the present case, the district court and the parties apparently recognized that Chapman's motion was timely under the former rule. Also, the 1986 amendment added a restriction that "no defendant may file more than one motion seeking a reduction of sentence under this Rule."

1989, he filed a "motion for reconsideration," contending that the court had failed to consider the merits of his request for probation. The court permitted oral argument and this time Chapman persuaded the court to suspend the balance of Chapman's sentence again and place him on probation for the remainder of his fifteen-year sentence. This appeal by the state followed.

■ We turn to the threshold question: whether the district court had authority to reduce Chapman's sentence. The state contends that the lapse of time between the expiration of the 120–day period provided by Rule 35 and the district court's allowance of the motion deprived the district court of jurisdiction to grant any relief. Chapman, on the other hand, argues that this issue is not properly before this Court, because the issue is being raised for the first time on appeal. However, the record shows that the question was raised before the district court. Moreover, even if the state had failed to raise this issue before the district court, jurisdictional errors may be raised for the first time on appeal. *State v. Salsgiver*, 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987). As a result, we conclude that this issue is properly before us.

■ We now turn to the jurisdictional question. As I.C.R. 35 formerly provided, a court was authorized to reduce a legal sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the district court of a remittitur issued upon affirmance of the judgment. "This filing limitation is a jurisdictional limit on the authority of the court to consider the motion, and unless filed within the period, a district court lacks jurisdiction to grant any relief." *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct.App.1987). In this case, Chapman's Rule 35 motion was filed just five days before the jurisdictional deadline expired but no decision was made on the motion for twenty-nine months. Another three months elapsed before the court's final decision was made to suspend the sentence and release Chapman on probation. We are asked to determine whether this delay in entering a final ruling on the motion caused the district court to lose

jurisdiction to modify the sentence in this manner.

In *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984), we held "that a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120–day period expires before the judge *reasonably* can consider and act upon the motion." (Emphasis added.) Our decision in *Torres* reflects the view of the majority of federal circuit courts which have considered the issue under the similar Fed.R.Crim.P. 35. Accordingly, we must now determine whether Chapman's motion was decided within a "reasonable time."

Despite the lengthy delay, Chapman argues that the time delay was reasonable because of the inaction on the part of his former counsel. Chapman's first attorney withdrew from the case after filing the initial Rule 35 motion. No further action was taken on the case until Chapman's newly substituted counsel requested that the district court order an inmate's progress report. Chapman asserts that the consequences of this delay should not be visited upon him. In support of this argument, Chapman relies on *State v. Torres*, *supra.*

In *Torres*, the case was delayed in part by the retirement of the original sentencing judge. We held that we would not visit the consequences of such a delay upon the defendant because the delay was caused, at least in part, by circumstances beyond his control. Unfortunately, Chapman has not furnished us with a record that will support this particular argument based on the *Torres* excuse for the delay. Here, Chapman was aware that his retained counsel was withdrawing from the case. Consequently, it was his responsibility to obtain new counsel or proceed pro se. Our record on appeal does not indicate when Chapman's former counsel withdrew, what steps were taken to replace him, or when his present counsel first appeared in this case. Accordingly, we cannot say that *Torres* lends support to this particular argument of Chapman.

Moreover, if the lengthy unjustified delay were to be accepted in this case, the requirement that a Rule 35 motion be decided within a reasonable time would lose all meaning. One of the cases we relied upon in *Torres* was *United States v. Smith*, 650 F.2d 206 (9th Cir.1981). In *Smith*, the court stated:

> The 120–day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison.

650 F.2d at 208. *See also Diggs v. United States*, 740 F.2d 239 (3rd Cir.1984); *United States v. Schafer*, 726 F.2d 155 (4th Cir. 1984). In *Smith* the court went on to say that "[r]easonableness in this context must be evaluated in light of the policies supporting the time limitation and the reason for the delay in each case." 650 F.2d at 209. However, in *Diggs* the court concluded that a delay of twenty-eight months was not reasonable, "no matter what the reason for the delay." 740 F.2d at 245.

In *United States v. Kajevic*, 711 F.2d 767, 772 (7th Cir.1983) the court held:

> [w]hen a district judge delays action on a [federal] Rule 35(b) motion till long after the expiration of the 120 days, for the purpose or with the likely effect of assuming the function of the parole authorities, his delay is unreasonable.

We believe this statement accurately summarizes our view of the present case.

Neither of the policies embodied in the 120–day rule were furthered by the district court's action in the present case. Here, the record shows the district judge assumed the function of the Commission of Pardons and Parole. More than two years after the expiration of the 120–day period, the district court conducted two evidentiary hearings on Chapman's Rule 35 motion. Four Department of Correction employees were called as witnesses. In the final order entered by the court following these hearings, designated "Judgment and Order of Probation," the court made the following findings:

> Mr. Chapman has not received any write-ups or disciplinary reports. In every aspect of his incarceration, Mr. Chapman has been a model prisoner and, according to the testimony of individuals from the Department of Corrections defendant will likely succeed if placed on probation. The Court also notes that defendant has served nearly six and one half years of an indeterminate fifteen year prison term and that, as represented by defense counsel, the Parole Commission, at a prior Hearing, may not have been aware of approximately eight months jail time defendant served in the Clearwater County Jail, during the pendency of the underlying proceedings.

If these findings are correct, we would not disagree with the district court's conclusion that Chapman could be released from confinement. However, that decision clearly belonged to the Parole Commission rather than to the district court. Chapman had already served a substantial part of an *indeterminate* sentence. Under the law existent at the time of his sentencing, he was eligible for parole at the time when the district court decided to modify his sentence and release him on probation. This decision by the district court was an invasion of the executive authority held by the Commission of Pardons and Parole. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990). Accordingly, we hold that the unusual delay in this case for that purpose was unreasonable. The district court exceeded its jurisdiction in entering the "Judgment and Order of Probation," dated July 7, 1989.[2]

---

2. The state has also argued that the district court was without jurisdiction to grant Chapman's "motion to reconsider" because actually it was another Rule 35 motion which was untimely by more than two years. The state cites several federal circuit court cases in support of its position. *See United States v. Fields*, 730 F.2d 460 (6th Cir.1984); *United States v. Counter*, 661 F.2d 374 (5th Cir.1981); *United States v. Inendino*, 655 F.2d 108 (7th Cir.1981); *United States v. Hetrick*, 644 F.2d 752 (9th Cir.1980). Chapman counters by insisting that the second motion was simply a "motion to reconsider," relating back to the first motion. Therefore,

The district court's "Opinion and Order" filed April 14, 1989, reached the right result. It denied the motion for probation or for a reduction of the sentence, leaving intact the judgment entered on May 30, 1985, which was affirmed by our Supreme Court in the earlier appeal. Accordingly, we reverse the order dated July 7, 1989, and remand this case for entry of an order reinstating the April 14, 1989, order with any additional orders as are necessary to return Chapman to the custody and control of the Board of Correction.

WINMILL, J., pro tem., concurs.

WALTERS, Chief Judge, concurs specially.

I concur in the result. I am not persuaded that we should focus on whether the district court "exceeded" its jurisdiction because of an unreasonable delay in deciding Chapman's motions to reduce his sentence by placing him on probation. Instead, as explained in footnote 2, *infra*, Chapman's motion to reconsider should have been treated by the district court as a renewed motion under Rule 35, which was filed more than 120 days after the remittitur on the first appeal. Because the motion was untimely filed, the district court simply had no jurisdiction whatsoever to grant relief by modifying Chapman's sentence. *State v. Omey*, 112 Idaho 930, 736 P.2d 1384 (Ct.App.1987). As recognized in our lead opinion, the district court's belated decision to place Chapman on probation encroached on the paroling authority of the executive branch. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990).

There remains a troubling aspect to this case. Evidently, Chapman has been released from custody and on probation since July, 1989, while the state pursued this appeal. As a result of our decision, he must be returned to the custody of the Board of Correction for service of the balance of his sentence. If he has conducted himself favorably while on probation, it would seem counterproductive that he should be reincarcerated in the penitentiary. Depending on how Chapman has performed on probation, parole may be a more viable alternative. Also, as we noted in *State v. Salsgiver*, 112 Idaho 933, 935, n. 3, 736 P.2d 1387, 1389, n. 3 (Ct.App.1987), Chapman may seek a commutation of his sentence by the Commission of Pardons and Parole which could produce an adjusted sentence consonant with the district judge's underlying intent and would not infringe upon the principle of comity between the executive and judicial branches of government.

---

according to Chapman, the motion should be treated as timely filed. We disagree. Our position is adequately explained in the case of *U.S. v. Hetrick, supra.* In *Hetrick,* the court held: the timely filing of a Rule 35 motion does not give a district court jurisdiction to entertain subsequent, untimely Rule 35 motions. The second motion will not be deemed to relate back to the first motion. Nor is the jurisdictional defect cured by styling the subsequent motion as a "motion for reconsideration."

644 F.2d at 756 (footnote and citation omitted). We agree with the federal interpretation of Rule 35. We reached a similar result in *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App. 1990) ("motion to alter or amend judgment" held to be nothing more than a renewed motion for reduction of sentence, impermissible under I.C.R. 35). Although the state's second jurisdictional argument has merit, we prefer to ground our decision on the basis stated in the text of this opinion.