972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso LEWIS, Defendant-Appellee.
 No. 90-59456.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided July 24, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and MACBRIDE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Counsel for the appellant filed a brief in compliance with Anders v. California, 386 U.S. 738 (1967) (if counsel concludes case to be frivolous, he must advise court and request permission to withdraw while at the same time present strongest possible brief in support of client's position). By this brief, Alfonso Lewis appeals from the district court's order denying his motion to reconsider its previous denial for modifications of his sentence pursuant to Fed.R.Crim.P. 35(b). Lewis was convicted of three counts of mail fraud in violation of 18 USC § 1341 and sentenced to seven years in custody. Mandate was issued on July 20, 1989 upon affirmance of the judgment. On November 30, 1989, appellant filed a Motion for Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure which the district court considered and denied on January 26, 1990. No appeal was taken from this ruling.[1] Almost six months later, on June 7, 1990, appellant filed a Motion to Reconsider the earlier denial. The district court denied this motion as well. Lewis appeals the denial of the Motion to Reconsider.
 
 
 4
 The district court lacked jurisdiction to hear the Motion to Reconsider. A motion for reduction of a lawful sentence must be filed within 120 days after sentence is imposed or after a mandate is issued by a court of appeal. Fed.R.Crim.P. 35(b). The 120 day limit is jurisdictional and cannot be extended by court order. United States v. Hetrick, 644 F.2d 752 (9th Cir.1980). A "jurisdictional defect cannot be cured by styling the subsequent motion as a 'motion for reconsideration.' " Id. at 756. Consequently, appellant's claim is wholly frivolous.
 
 
 5
 We have independently examined the record as required by Penson v. Ohio, 488 U.S. 75, 83 (1988) and have found no appealable issues. Counsel's request to withdraw is hereby granted and the appeal is dismissed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 By the court's calculations, the November 30, 1989 filing date for the first Rule 35 motion appears to be beyond the 120 day jurisdictional limit. However, since no appeal was taken from the district court's adverse ruling, this issue is not presently before the court