835 P.2d 1361

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Spencer FOX, Defendant– Appellant.**

**No. 19660.**

Court of Appeals of Idaho.

Aug. 3, 1992.

Hobdey & Hobdey, Craig D. Hobdey, Gooding, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

David Spencer Fox received a ten-year sentence upon his plea of guilty to forgery. The sentence was suspended and he was placed on probation. Later, his probation was revoked and the sentence was ordered into execution. He subsequently filed a motion under Idaho Criminal Rule 35 for reconsideration of his sentence. Upon denial of that motion, Fox filed this appeal. He raises two issues. First, he contends the district court abused its discretion by ordering the sentence into execution upon revocation of probation, arguing that his sentence was excessive under the circumstances. Second, he submits the district court erred as a matter of law in denying the Rule 35 motion, when the court held that a one-year delay prior to hearing the

motion was unreasonable and constituted judicial invasion of the functions of the Commission on Pardons and Parole. We affirm.

On June 17, 1987, Fox received a unified sentence of ten years with four years fixed and six years indeterminate. On June 22, 1987, the court suspended the sentence and placed him on probation for three years. Three months later, the state moved to revoke probation on the ground that Fox had violated several provisions of his probation agreement. However, the state dismissed the motion in response to Fox's agreement to testify for the state in the criminal trials of two other people, and Fox was continued on probation. On June 26, 1989, the state again moved to revoke Fox's probation for new alleged violations, consisting of Fox's failure to maintain contact with his probation officer through regularly scheduled visits and submission of monthly reports. He was served with a summons requiring him to appear in court on August 14, 1989, and respond to the motion to revoke probation. Fox did not appear as required. Thereafter, because Fox's whereabouts were unknown, a bench warrant was issued for his arrest. Fox was located approximately a year later residing in northern Utah. During the interim he also had lived for six months in Missouri and for six months in Montana.

At his arraignment on the probation violation proceeding, Fox admitted the alleged violations. He stated that he had moved frequently during the preceding year to avoid "prosecution" for failing to maintain contact with his probation officer. A hearing was held on September 10, 1990, resulting in revocation of Fox's probation and reinstatement of the previously suspended sentence. The court entered an order to that effect on October 3, 1990.

On November 1, 1990, Fox filed a motion for reconsideration of his sentence. He changed counsel in April, 1991. Before acting on the motion, the presiding district judge—who had sentenced Fox and later revoked his probation—was placed on administrative leave. A hearing on the motion was finally held before the Hon. Roger S. Burdick, district judge pro tem. on October 15, 1991, nearly a year after the motion was filed. Judge Burdick denied the motion by order dated October 17, 1991. He held that the sentence was legal and was appropriate based on the facts of the case. He further ruled that the delay of approximately one year between the entry of the revocation order requiring execution of the sentence and the hearing on Fox's motion to reconsider was unreasonable and amounted to a judicial invasion of the executive function of the Commission on Pardons and Parole.[1] Fox filed his notice of appeal on November 18, 1991.

After reviewing the record in this case with particular attention to the time Fox pursued his appellate remedy, we conclude that we are without jurisdiction to address Fox's direct challenge to the revocation of his probation and his attack on his sentence as allegedly excessive. The propriety of the district court's rulings on these matters has not been preserved for appellate review, due to the lack of a timely notice of appeal either from the judgment of conviction and sentence or from the order revoking probation. Idaho Appellate Rule 14(a) allows forty-two days to appeal from a judgment, order or decree of the district court appealable as a matter of right in any criminal action. The time for appeal from any criminal judgment, order or sentence stops running when a motion is filed within fourteen days of the entry of a judgment which, if granted, could affect the judgment, order or sentence. The appeal period does not stop running merely because the defendant is placed on probation. *State v. Tucker*, 103 Idaho 885, 655 P.2d 92 (Ct.App.1982).

As stated, Fox filed his notice of appeal on November 18, 1991. The filing was not accomplished within forty-two days of his judgment of conviction, when his period to appeal from the judgment began to run.

1. The court's ruling in this regard is supported by recent appellate decisions to the same effect. *See State v. Chapman*, 121 Idaho 364, 825 P.2d 87 (Ct.App.1991), *aff'd on review*, 121 Idaho 351, 825 P.2d 74 (1992); *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990).

552

Nor did he appeal within forty-two days of the order revoking probation so as to preserve that order for appellate review. His Rule 35 motion to modify his sentence did not preserve his right to appellate review either of his conviction and sentence or the order revoking probation because, as we shall later explain, that motion was untimely under any rule. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990). Accordingly, we conclude that this Court does not have jurisdiction to consider any issues Fox has raised with respect to his conviction and sentence or the order revoking probation and reinstating the sentence. *Id.*

We thus turn to the denial of the motion to reconsider Fox's sentence. The order denying that motion was an "order made after judgment" from which an appeal separately could be taken in the absence of an appeal directly from the judgment. I.A.R. 11(c)(9). It is evident that this is the only decision of the court below which was preserved for review by a timely appeal. Accordingly, we can consider Fox's challenge to that ruling.

■ Idaho Criminal Rule 35 states that: The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law. Motions to correct or modify sentences under this rule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction....

The filing deadlines described in the rule create a jurisdictional limitation on the authority of the trial court to entertain motions under the rule. *State v. Salsgiver*, 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987); *State v. Parrish*, 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). Without a timely filing, the court cannot consider the motion.

■ Fox did not claim that his sentence was illegal or imposed in an illegal manner. His motion was a plea for leniency and was subject to the 120-day restriction and other time limitations described in the rule. His motion was clearly filed outside of the limitations; it was filed years after his sentence was imposed and several weeks after his probation had been revoked and the sentence ordered into execution. Also, no orally presented motion appears in the record. Although Rule 35 allows reduction of sentence "upon" revocation of probation, it does not authorize reduction in response to a motion presented after probation has been revoked and the sentence ordered into execution. *State v. Hocker*, 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991); *State v. Morris*, 119 Idaho 448, 807 P.2d 1286 (Ct.App.1991); *State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). A revocation of probation is not to be equated with the imposition of a sentence; therefore, revocation does not trigger a new 120-day filing period. *Sutton*, 113 Idaho at 833, 748 P.2d at 417, *citing State v. Omey*, 112 Idaho 930, 736 P.2d 1384 (Ct. App.1987). For these reasons, the district court was without jurisdiction to consider Fox's Rule 35 motion. It follows that we must affirm the order denying relief under I.C.R. 35 regardless of the reasons or basis expressed by the district court in concluding that the motion should be denied. *See, e.g., State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981); *Morris, supra; Hocker, supra.*

The order denying Fox's motion to reconsider his sentence is affirmed.

SWANSTROM and SILAK, JJ., concur.