979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Justo Enrique JAY, Defendant-Appellant.
 No. 92-6118.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: November 20, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-88-20-C, CR-88-21-C)
 John Kenneth Zwerling, Kyle W. O'Dowd, MOFFITT, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 Dismissed.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Justo Enrique Jay appeals from the district court's denial of his motion to reconsider the denial of relief under Fed. R. Crim. P. 35(b) to reduce his sentence.[1] Jay was sentenced to life without parole for his conviction on a Continuing Criminal Enterprise charge, in violation of 21 U.S.C.A. § 848 (West 1981 & Supp. 1988), and to more than one hundred years on other drug charges to be served concurrently with the life sentence. This Court affirmed Jay's convictions, except for vacating one conspiracy count. United States v. Jay, No. 88-5635 (4th Cir. Sept. 21, 1989) (unpublished), cert. denied, 494 U.S. 1026 (1990). The Supreme Court denied a writ of certiorari on March 19, 1990. We must dismiss this appeal for lack of jurisdiction.
 
 
 2
 Former Rule 35(b) permits a district court to reduce a sentence imposed in an illegal manner "within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." The 120-day limit of Rule 35(b) is jurisdictional. United States v. Addonizio, 442 U.S. 178, 189 (1979). The timely filing of a Rule 35 motion does not provide the district court with jurisdiction to entertain subsequent untimely motions under Rule 35, even if they are styled motions to reconsider. United States v. Dean, 752 F.2d 535, 538-39 n.6 (11th Cir. 1985), cert. denied, 479 U.S. 824 (1986); United States v. Hetrick, 644 F.2d 752, 756 (9th Cir. 1980). If a Rule 35(b) motion is timely filed, a district court retains jurisdiction only for a reasonable time thereafter in order to render a decision. United States v. Stollings, 516 F.2d 1287, 1288 (4th Cir. 1975).
 
 
 3
 Here, the Supreme Court denied certiorari on March 19, 1990. Jay filed his Rule 35(b) motion on July 13, 1990. The motion was, therefore, timely because it fell within the 120-day limit. The district court did not issue its decision, though, until March 6, 1991. Because the delay can be explained, in part, on the fact the district court held an evidentiary hearing four months after Jay filed his motion, we do not find the court's delay in considering the motion unreasonable. Instead of appealing the district court's denial, Jay filed a motion to reconsider on March 14, 1991, almost one year from the date the Supreme Court denied certiorari, and the district court did not dispose of the motion until it denied relief on January 16, 1992-almost two years from the date the Supreme Court denied certiorari.
 
 
 4
 As Rule 35 motions are considered continuations of the criminal proceedings against a defendant, the ten-day appeal period of Fed. R. Crim. P. 4(b) applies. See United States v. Breit, 754 F.2d 526, 52829 (4th Cir. 1985); United States v. Guiterrez, 556 F.2d 1217, 1217 (5th Cir. 1977). Jay's motion for reconsideration was served within ten days of the denial of his Rule 35 motion, but it does not explicitly call into question the correctness of that judgment. Instead, it requests a reduction in sentence contingent on Jay's future cooperation with the government. It is significantly different from his original and timely Rule 35(b) motion, which stressed other factors mitigating a reduction in sentence. The district court therefore, could not reasonably find that the motion to reconsider related back to Jay's original Rule 35 motion, and it lacked jurisdiction to consider it a motion for Rule 35(b) relief because it was untimely.
 
 
 5
 Jay's pro se notice of appeal ambiguously states his intent to appeal from the January 16 order, which Jay did not refer to as a motion to reconsider, but as the original "Motion to Reduce Sentence," which the district court denied ten months before. Jay's notice of appeal is timely only from the district court's order denying Jay's motion to reconsider. Because the district court was without jurisdiction to reconsider relief under Rule 35 so long after the Supreme Court had finally disposed of the appeal of Jay's conviction and sentence, this appeal must be dismissed for want of jurisdiction.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Because the drug offenses for which Jay was sentenced occurred prior to November 1, 1987, this case is controlled by former Rule 35
 
 
 [2]
 Assuming without deciding that Jay's constitutional claims can be construed under 28 U.S.C. § 2255 (1988), United States v. Santora, 711 F.2d 41, 42 (5th Cir. 1983), we note that Jay's claims are without merit. He argues that the district court denied him fundamental fairness in violation of the Due Process Clause of the Fifth Amendment because the district judge improperly considered whether Jay was cooperating with government investigations and permitted improper considerations, biases, and prejudices to affect the sentencing process. We find these arguments are without merit. See Roberts v. United States, 445 U.S. 552 (1980); United States v. Grayson, 438 U.S. 41, 50 (1978); Townsend v. Burke, 334 U.S. 736, 741 (1948)