873 P.2d 926

**David Spencer FOX, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20506.

Court of Appeals of Idaho.

May 2, 1994.

David Spencer Fox, appearing pro se.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

## PER CURIAM.

David Spencer Fox filed an application for post-conviction relief alleging he had received ineffective assistance of counsel during his probation violation proceedings. After conducting an evidentiary hearing, the district court concluded Fox had not established that he was entitled to relief and dismissed his application. For the reasons explained below, we affirm.

### Facts.

In 1987, Fox was convicted in district court upon his plea of guilty to forgery. He received a suspended sentence of ten years and was placed on supervised probation. Fox was later arrested for violating the terms of his probation and brought before the district court. At the arraignment hearing, held on September 6, 1990, the district court appointed counsel [1] to represent Fox in the matter. Fox admitted the violation and, upon the request of his attorney, the court continued the dispositional hearing to September 10. In the meantime, the attorney met with Fox and obtained information concerning Fox's background and his activity while at large.

At the dispositional hearing held on September 10, Fox testified as the only witness. At the conclusion of that hearing, the district court revoked probation and reinstated Fox's original sentence. Fox's attorney advised Fox against filing an appeal, explaining to Fox that such action would not likely be fruitful, but agreed to move for a reduction of sentence under I.C.R. 35. The Rule 35 motion, filed almost a month after the entry of the order revoking probation, and heard nearly a year after that, was denied ultimately on the ground of untimeliness. *See State v. Fox*, 122 Idaho 550, 835 P.2d 1361 (Ct.App. 1992).[2]

Fox later filed an application pursuant to the Uniform Post–Conviction Procedure Act, I.C. § 19–4901, in June, 1992, seeking relief from the order revoking his probation and reinstating his original sentence. He alleged that the attorney assigned to represent him during the probation violation proceeding

---

1. The court appointed Severt Swenson, who held the public defender contract for Gooding County, to represent Fox in the probation violation proceedings. A different attorney was appointed to represent Fox in the post-conviction relief proceeding. Fox has pursued this appeal *pro se*.

2. For a thorough summary of the factual background of this case, see *State v. Fox*, 122 Idaho 550, 835 P.2d 1361 (Ct.App.1992).

failed to provide effective assistance of counsel. On December 17, 1992, the district court held an evidentiary hearing at which Fox and his former attorney testified. The court took the matter under advisement and, on January 22, 1993, issued a memorandum decision containing an order denying Fox's claims and dismissing his application. Fox filed this appeal.

### Standard of Review.

An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Thus, an applicant must allege, and then prove by a preponderance of the evidence, the facts necessary to establish his claim for relief. I.C.R. 57(c); *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986); *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App. 1988).

Where the district court conducts an evidentiary hearing, it is required to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." I.C. § 19–4907(a). On appeal, we will disturb the district court's findings of fact only if they are clearly erroneous. I.R.C.P. 52(a); *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). A finding of fact will not be deemed clearly erroneous if it is supported by substantial, even if conflicting, evidence in the record. *Holmes*, 104 Idaho at 313, 658 P.2d at 984. We freely review the legal conclusions drawn by the district court from those facts. *Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App.1988).

### Ineffective Assistance of Counsel.

Claims alleging ineffective assistance of counsel are evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Gibson v. State*, 110 Idaho 631, 718 P.2d 283 (1986). Under this test, the applicant must demonstrate that his counsel's performance was deficient, and also that the deficient performance was prejudicial.

*Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65. To establish deficient performance, the applicant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* To prove prejudice, the applicant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068; *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). Thus, in order to prevail on a post-conviction claim of ineffective assistance, the applicant must establish the facts required for *both* parts of the test. *Parrott*, 117 Idaho at 275, 787 P.2d at 260; *see also Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). Hence, dismissal is proper if the applicant fails to meet his burden under either part.

In the instant case, Fox seeks relief from the order revoking his probation and reinstating his original sentence. In his application he alleges he is entitled to such relief based upon the following deficiencies on the part of his former attorney: (1) failure to inform Fox of the maximum sentence Fox could receive upon revocation of probation; (2) failure to prepare adequately for the dispositional hearing held on September 10; (3) failure to timely file a Rule 35 motion for reduction of sentence; and (4) failure to file a timely appeal from the revocation order. We address these allegations in turn.

### 1. Failure to correct the judge's misstatement concerning Fox's original sentence.

At the post-conviction hearing, Fox testified he had been misinformed by the court at the arraignment on his probation violation, that he faced possible reinstatement of his original sentence "of four to six years." In fact, Fox's original sentence— which ultimately was reinstated by the district court—consisted of a fixed four-year period *followed by* a six-year indeterminate period, for a total of ten years. Fox testified he did not know his original sentence was for ten years until after his probation had been revoked, and that he would not have admitted the violation but for his belief that he faced a maximum term of only six years.

Fox claims that his attorney's failure to advise him of the correct sentence constituted ineffective assistance of counsel entitling him to relief. We conclude, however, that even if the attorney's failure to note and correct the court's misstatement amounted to deficient representation, Fox's claim nonetheless was dismissed properly because he failed to show prejudice. In order to show prejudice, Fox was required to establish a "reasonable probability that the result of the proceeding would have been different." Thus, it was incumbent upon him to demonstrate that he would not have admitted to the violation, and also that there was a reasonable probability that the state would otherwise have failed to prove the violation. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Fox has made no such showing. To the contrary, Fox testified at the post-conviction hearing that he intentionally had evaded his probation officer and later fled the state to avoid prosecution. He flatly admitted he had no defense to the alleged violation.

Absent a showing that the court would not otherwise have found him in violation, Fox's allegation that he would not have admitted to it is insufficient to show prejudice. Therefore, as a matter of law, Fox is not entitled to post-conviction relief on that ground.

### 2. Alleged failure to prepare adequately for the probation violation hearing.

Fox next complains that his attorney failed to prepare adequately for the dispositional hearing on the probation violation. Because of his unpreparedness, Fox contends, the attorney failed to present substantial mitigating factors to the court. Specifically, Fox asserts that had his attorney taken the time to learn all the facts of his case, counsel would have elicited testimony from Fox concerning the circumstances of the underlying forgery conviction, and that he would have called additional witnesses to testify on Fox's behalf.

In denying Fox's claim, the district court found that Fox had failed to show that the

attorney's examination of Fox at the probation hearing fell below the requisite standard of reasonableness. The court noted that after Fox had admitted the violation on September 6, 1990, the attorney obtained a brief continuance to meet with Fox and gain information from him. Fox submitted one or two pages of information describing his background and what he had been doing during the probationary period. At the dispositional hearing held on September 10, the attorney called Fox and elicited extensive testimony from him.

Fox argues that certain statements his attorney had elicited from him at the probation violation hearing were more prejudicial than helpful.[3] However, this argument does not appear to have been made to the district court at the post-conviction hearing. Furthermore, because Fox has failed to include in the appellate record a transcript of his testimony at the probation revocation hearing, we will presume that such omitted evidence supports the action of the trial court. *Rutter v. McLaughlin*, 101 Idaho 292, 612 P.2d 135 (1980); *Kugler v. Drown*, 119 Idaho 687, 809 P.2d 1166 (Ct.App.1991).

We further conclude that the district court properly rejected Fox's assertion that the attorney should have called other witnesses. The district court observed that Fox had failed to show, by admissible evidence, the identity of these witnesses or the substance of their testimony. In the absence of such a showing, Fox could neither establish deficient performance nor resulting prejudice, and dismissal of his claim was appropriate.

### 3. Failure to timely file a motion under Rule 35.

Fox also claimed ineffective assistance based on his attorney's failure to timely file the Rule 35 motion. In denying this claim, the district court found that Fox had failed to show any resulting prejudice, noting that leniency and a request for reduction of the sentence had been argued twice and re-

---

3. Fox also asserts that by eliciting certain prejudicial statements from him, his attorney violated Fox's right against self incrimination. This argu-

ment, also raised for the first time in his appellate brief, will not be addressed here.

jected both times by the district court. Reviewing the record before it, the district court found that Fox's attorney first asked for leniency and a reduced sentence at the September 10, 1990 probation violation hearing. The court also found that, even though the Rule 35 motion was deemed ultimately to be untimely, the merits of that motion—leniency and reduction of sentence—had been presented to and denied by the district court in October, 1991. Because the portions of the record relied upon by the district court have not been submitted to us by the appellant, we presume that they support the court's findings.[4]

*4. Failure to file an appeal.*

■ Finally, Fox contends that his attorney rendered ineffective assistance of counsel by failing to file an appeal from the order revoking probation and reinstating the original sentence. Initially, we note that a defendant is entitled to appeal a judgment of conviction as a matter of right. I.A.R. 11(c)(1); I.C. § 19–2801. We previously have noted the lawyer's role in counselling his client with respect to filing an appeal:

> After conviction, the lawyer should explain to the defendant the meaning and consequences of the court's judgment and the defendant's right to appeal. The lawyer should give the defendant his or her professional judgment as to whether there are meritorious grounds for appeal and as to the probable results of an appeal. The attorney should explain to the defendant the advantages and disadvantages of an appeal. The decision to appeal must be the defendant's own choice.
>
> . . . .
>
> Of greater importance is the duty of counsel to discuss frankly and objectively with the defendant the matters to be considered

in deciding whether to appeal. Careful exploration should be made of the possible errors that could be pursued on appeal, their relative strengths and weaknesses, and the probable outcome of an appeal. Counsel should also attempt to learn and evaluate the doubts that the defendant may have about the adjudication of the case. To make the defendant's ultimate choice a meaningful one, counsel's evaluation of the case must be communicated in a comprehensible manner.

*Davis v. State,* 116 Idaho 401, 411, 775 P.2d 1243, 1253 (Ct.App.1989) (quoting from AMERICAN BAR ASSOCIATION, *Standards for Criminal Justice: The Defense Function,* § 4–8.2 (1986 Supp.).

After reviewing the evidence before it, the district court found that Fox's attorney had fulfilled his obligation to notify Fox of his right to appeal, of the options available, and had candidly discussed the probable results of each course of action. The court further found that, although Fox may have "wanted to appeal," he failed to direct his attorney to so. We conclude that the district court's findings, made after conducting the evidentiary hearing, are supported by substantial, even if conflicting, evidence. Accordingly, we will not disturb those findings on appeal. As a result, we hold that Fox's claim for relief based on the failure to file an appeal, was properly denied.

■ Fox further suggests that there existed meritorious grounds for an appeal which were never considered or mentioned by his attorney. He claims that his attorney's omission rendered meaningless Fox's decision not to pursue an appeal and constituted ineffective assistance of counsel. However, this issue was not presented to the district court at the post-conviction hearing, but is

---

4. Our opinion in Fox's direct appeal supports the district court's finding. That opinion indicates that in denying the Rule 35 motion, the sentencing court had ruled that it lacked jurisdiction to hear the motion and, *alternatively,* that "the sentence was legal and was appropriate based on the facts of the case." *State v. Fox,* 122 Idaho 550, 551, 835 P.2d 1361, 1362 (Ct.App.1992).

raised for the first time on appeal. We will not consider it here. *See Matter of Estate of Reinwald,* 122 Idaho 401, 834 P.2d 1317 (1992).

For the reasons explained above, we conclude that Fox has failed to show an entitlement to relief based on ineffective assistance of counsel.

**Conclusion.**

The district court's order denying Fox's application for post-conviction relief is affirmed.