# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38853

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 378 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JONATHAN J. HERRERA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jonathan J. Herrera pled guilty to aggravated assault. Idaho Code § 18-901, 18-905(a). The district court sentenced Herrera to four years with one and one-half years determinate and retained jurisdiction. More than two hundred days later, the district court entered an order purporting to suspend Herrera's sentence and place him on probation. Thereafter, Herrera violated probation, which was revoked, and a second period of retained jurisdiction was ordered. Subsequently, the district court relinquished jurisdiction. Herrera filed an Idaho Criminal Rule 35 motion, which the district court denied. Herrera appeals asserting that the district court abused its discretion by denying his Rule 35 motion.

The district court lost jurisdiction when it failed to place Herrera on probation within the initial retained jurisdiction period. I.C. § 19-2601(4); *State v. Urrabazo*, 150 Idaho 158, 161,

1

244 P.3d 1244, 1247 (2010). Therefore, the district court's order purporting to place Herrera on probation and subsequent orders revoking probation and relinquishing jurisdiction are void. Herrera's Rule 35 motion was untimely, being filed more than one hundred and twenty days from the expiration of the district court's jurisdiction. I.C.R. 35; *See State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992). In addition, Herrera failed to provide any new information with his Rule 35 motion. An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). For the foregoing reasons, the district court's order denying Herrera's Rule 35 motion is affirmed.