**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40339**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 587 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY WAYNE WALKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Silvey Law Office, Ltd; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Anthony Wayne Walker pled guilty to two counts of grand theft by possession of stolen property. Idaho Code §§ 18-2403(4), 18-2407(1)(b). On the first count, the district court sentenced Walker to a unified term of ten years, with a minimum period of confinement of three years, to run concurrently with Walker's existing sentences for burglary. On the second count, the district court imposed a unified term of ten years, with a minimum period of confinement of one year, to run consecutive to the sentence on the first count and concurrent with Walker's existing burglary sentences. Walker filed an Idaho Criminal Rule 35 motion, which the district court denied. Walker appeals asserting that the district court abused its discretion by denying his Idaho Criminal Rule 35 motion.

1

The State asserts that the district court lacked jurisdiction to consider Walker's Rule 35 motion as it was filed 133 days after entry of judgment. A trial court lacks jurisdiction to consider a Rule 35 motion filed outside the time limits. *State v. Fox*, 122 Idaho 550, 835 P.2d 1361 (Ct. App. 1992). The district court's finding that there was excusable neglect for the late filing did not revest jurisdiction.

Even if we consider the appeal, it is without merit. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Walker's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Walker's Rule 35 motion is affirmed.