# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41625

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 314 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 21, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROMELIO ALVIN MARTINEZ, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Romelio Alvin Martinez, Jr., appeals from the district court's order denying his I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

Martinez entered an *Alford*[1] plea to burglary and was sentenced in October 2002 to a unified term of four years, with a minimum period of confinement of six months. Martinez was also ordered to pay a fine of $500, $141.58 in restitution, a $500 public defender fee, $50 to the victim's relief fund, and $38.50 in court costs. In January 2003, Martinez filed an I.C.R. 35 motion for reduction of sentence, which was denied. In January 2006, Martinez again filed a Rule 35 motion for reduction of sentence. In response, the district court entered an amended

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

judgment of conviction, crediting Martinez for sixty additional days of time served, and subsequently denied his motion for reduction of sentence.

In October 2013, Martinez filed an ostensible motion for credit for time served in which he requested, in essence, that he receive credit for time served in the form of forgiveness of his unpaid court fines and fees, including $883.88 stemming from his burglary conviction. The district court denied this motion without opinion or hearing. Martinez appeals, contending that the district court abused its discretion by denying his Rule 35 motion.

We initially note that, as acknowledged by both parties, Martinez's motion--despite its name--was not a motion for credit for time served, as he did not ask for any additional credit for time served or allege that the credit already given him was incorrect. *See* I.C. § 18-309 (allowing for credit for prejudgment *incarceration* when computing the applicable *term of imprisonment*). Instead, Martinez only asked for forgiveness of the fines and fees imposed as part of his sentence. Accordingly, we agree with the parties that the motion is effectively an I.C.R. 35(b) motion for reduction of sentence and will address it as such.

A motion for reduction of sentence under Rule 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). However, such a motion must be filed "within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." I.C.R. 35(b). The 120-day filing deadline described in Rule 35(b) creates a jurisdictional limitation on the authority of the trial court to entertain motions under the rule. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct. App. 1991); *State v. Parrish*, 110 Idaho 599, 600, 716 P.2d 1371, 1372 (Ct. App. 1986). Without a timely filing, the trial court cannot consider the motion. *Fox*, 122 Idaho at 552, 835 P.2d at 1363. Whether a court lacks jurisdiction is a question of law over which we exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

Martinez acknowledged in his brief, and the record confirms, that his Rule 35(b) motion was filed more than ten years after the entry of his judgment of conviction. As a result, the

2

district court lacked jurisdiction to grant Martinez's untimely Rule 35(b) motion for reduction of sentence.[2]  Accordingly, the district court's order denying Martinez's motion is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.

---

[2]  Additionally, no defendant may file more than one motion seeking a reduction of sentence.  I.C.R. 35(b).  This prohibition on successive motions for reduction of sentence under Rule 35(b) is a jurisdictional bar.  *State v. Bottens*, 137 Idaho 730, 733, 52 P.3d 875, 878 (Ct. App. 2002).  Martinez previously filed motions for reduction of his sentence in 2003 and 2006.  Thus, the district court also lacked jurisdiction because this was a successive motion for reduction of sentence.