751 P.2d 670

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Randy PORATH, Defendant–Appellant.**

No. 16860.

Court of Appeals of Idaho.

March 1, 1988.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from an order denying a motion under I.C.R. 35 to modify a sentence. Because the modification request was filed beyond the time limit allowed by the rule, we hold that the district court lacked jurisdiction to grant the relief sought. Accordingly, we affirm.

On August 18, 1986, Randy G. Porath received a five-year indeterminate sentence after pleading guilty to felony malicious injury to property. I.C. § 18–7001. Based upon an offer by Porath to serve as an informant concerning illegal drug transactions unrelated to the instant offense, in exchange for leniency, the district court agreed to retain jurisdiction while the prosecutor considered that offer. The prosecutor later declined to accept Porath's offer. The district court relinquished jurisdiction on October 8, 1986, and ordered execution of the sentence.

On December 22, 1986, the district court received a letter from Porath. In that letter, Porath asked the judge to explain why jurisdiction over his case had been relinquished. The letter also outlined rehabilitative efforts undertaken by Porath and proposed a probation plan to the judge "if you were to reconsider your decission [sic] and give me a probation opportunity." The record does not indicate what response, if any, was given by the court to this letter.

On February 20, 1987, Porath filed a motion "pursuant to Rule 35 ... to reconsider the sentence imposed on the 18th day of August 1986." In that pleading, Porath alternatively requested release on probation or reduction of his term of imprisonment from five years to three years. The district court entered an order on the same date, February 20, 1987, declaring:

IT IS HEREBY ORDERED, that Defendant's Motion for Change Of Sentence in the above-entitled matter under *I.R.C. P.* [sic] *35* is hereby denied. [Underlining in original.]

Porath timely appealed from that order.[1]

It is unclear whether the February 20th order was intended to serve as a denial of relief only as to Porath's motion filed on February 20, or whether the order also

1. We note that after the notice of appeal was filed in this case, Porath filed a motion with the district court "for correction of an illegal sentence." The motion was denied. Porath then filed a motion for clarification of the order denying the motion for correction of illegal sentence. He also filed an application for post-conviction relief under I.C. § 19–4901. The record does not indicate what action, if any, was taken by the district court on these latter two requests. Neither was Porath's notice of appeal ever amended, pursuant to I.A.R. 17(j), to include these post-appeal matters. We thus focus only on the order of February 20, 1987, in accordance with the notice of appeal before us.

encompassed the proposal contained in the December 22, 1986, letter.[2] Resolution of that query, however, is not necessary, because, as we shall explain, the court was without jurisdiction or power to grant relief on either request.

At the time Porath was sentenced, and when he filed his motion in February, 1987, Rule 35 allowed a period of 120 days from the imposition of a sentence, within which a defendant could request a reduction of the sentence.[3] The 120–day limitation on the filing of a Rule 35 motion is a jurisdictional limit on the power of the sentencing court. *See State v. Parrish*, 110 Idaho 599, 716 P.2d 1371 (Ct.App.1986). As noted, Porath's sentence was imposed on August 18, 1986. Both the letter received by the court on December 22, 1986 and the motion filed on February 20, 1987, were beyond the 120–day limit, which had elapsed on December 16, 1986. Because the district court lacked jurisdiction to entertain either the letter request received on December 22, or the motion filed on February 20, 1987, the order refusing to grant relief under Rule 35 was proper.[4] The order is affirmed.

---

**2.** We have held that an informal letter from a defendant, seeking reconsideration of his sentence, should be treated as a motion for reduction of sentence under I.C.R. 35. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App. 1984).

**3.** At the time of Porath's sentencing Rule 35 recited as follows:

   *Rule 35. Correction or reduction of sentence.*—The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed. The court may also reduce a sentence upon revocation of probation as provid-

ed by law. Motions to correct or modify sentences under this rule shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion; provided, however that no defendant may file more than one motion seeking a reduction of sentence under this Rule.

The rule was recently amended, effective November 1, 1987, to permit a motion for reduction of sentence to be filed within 120 days after the court has relinquished retained jurisdiction.

**4.** As we noted in *Parrish, supra,* because the court lacked jurisdiction, the court should have "dismissed," rather than "denying," Porath's applications. However, the effect is the same.