948 P.2d 1133

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harold L. STARRY, Defendant–Appellant.**

**No. 23311.**

Court of Appeals of Idaho.

Nov. 24, 1997.

Wiebe & Fouser, Caldwell, for defendant-appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

On May 5, 1978, Harold Lynn Starry pled guilty to two counts of kidnaping, I.C. § 18–4501, and one count of robbery, I.C. § 18–6501. Starry was sentenced to two indeterminate twenty-five-year terms for the kidnaping charges and one indeterminate life sentence for the robbery charge. The sentences were imposed to run concurrently with a twenty-five-year federal sentence Starry received for air piracy. He served out his federal term and returned to Idaho to complete the remainder of his state sentences. Upon his return, Starry submitted an application for parole which was subsequently denied. Starry filed a *pro se* self-styled "petition to commute sentence" in the district court, *citing* I.C. §§ 19–2601 and 19–2523. Without holding a hearing, the court denied Starry's petition on the merits. On appeal, Starry contends that the district court abused its discretion by denying both the petition and his request for a hearing thereon.

■ As a preliminary matter, we clarify the nature of Starry's petition. He characterizes it as a request for commutation of his sentence. However, the district court has no authority to "commute" a sentence once it has been imposed and executed. Such authority is vested in the executive branch through the Board of Pardons, acting as the Commission of Pardons and Parole. *See* Idaho Const. art. IV, § 7; I.C. § 20–240; *State v. Salsgiver*, 112 Idaho 933, 935 n. 3, 736 P.2d 1387, 1389 n. 3 (Ct.App.1987) ("Commutation is a discretionary grant of executive clemency."). In his petition, Starry requests that he be placed on probation in lieu of serving the remainder of his sentence in prison so that he may obtain meaningful rehabilitation for his substance abuse problems. In addition, he suggests that because this was his first violent offense, he is amenable to rehabilitation and should be given an opportunity to become a productive member of society. Because Starry essentially requests a reduction of sentence, his petition is more accurately characterized as a motion falling under I.C.R. 35.

■ A trial court has jurisdiction to reduce a lawful sentence within 120 days after the filing of a judgment of conviction. I.C.R. 35; *State v. Arambula*, 97 Idaho 627, 629, 550 P.2d 130, 132 (1976). The failure to timely file a Rule 35 motion deprives the district court of jurisdiction to grant relief. *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct.App.1987).

Starry filed his petition for commutation in 1996, eighteen years following the entry of his judgment of conviction. Accordingly, the district court had no jurisdiction to even rule on the merits. *See State v. Chapman*, 121 Idaho 351, 354–55, 825 P.2d 74, 77–78 (1992). If Starry wishes to seek a commutation of his sentence, such a request is properly addressed to the Commission of Pardons and Parole.

We affirm the district court's order denying Starry's petition for commutation.

LANSING, C.J., and PERRY, J., concur.