97 P.3d 487

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Leslie Peter BOWCUT, Defendant–
Appellant.**

No. 29099.

Court of Appeals of Idaho.

July 8, 2004.

Review Denied Sept. 13, 2004.

Molly J. Huskey, State Appellate Public
Defender; Eric Don Fredericksen, Deputy
Appellate Public Defender, Boise, for appel-
lant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Leslie Peter Bowcut appeals from the sentence imposed by the district court upon his plea of guilty to fourteen counts of lewd and lascivious conduct with a minor. He contends that the district court abused its discretion by imposing an excessive sentence in light of mitigating factors. We affirm.

Between April 1999 and April 2000, Bowcut took hundreds of sexually explicit photographs of three female children, ranging in age from three to thirteen years old. Many of these photographs were of Bowcut engaging in oral-genital, genital-anal, genital-manual, manual-anal, oral-anal and genital-genital contact with these children. Bowcut sent many of the photographs to other men via the Internet in exchange for sexual photos of those men's children.

As a result of these actions, Bowcut was charged with thirteen counts of sexual abuse of a child, Idaho Code § 18–1506, and twenty-five counts of lewd and lascivious conduct with a child, I.C. § 18–1508. Pursuant to a plea agreement, Bowcut pleaded guilty to fourteen counts of lewd and lascivious conduct, and the remaining charges were dismissed. For each count the district court imposed a unified life sentence, with a thirty-year minimum term, with all sentences to be served concurrently. Bowcut later filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Bowcut now appeals both the sentence and the denial of his Rule 35 motion. Bowcut contends that the district court abused its discretion by imposing an excessive sentence in light of mitigating factors, such as his lack of criminal record, family support, history of employment, and rehabilitation potential.

■ The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We

will find that the trial court abused its discretion only if the defendant shows that his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). We base our review of the sentence on the minimum term of confinement, which in this case is thirty years. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App. 1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Bowcut's contention that the district court failed to consider mitigating factors is without merit. The district court's comments at sentencing show that it considered all of Bowcut's mitigating evidence in making its sentencing determination. The court acknowledged Bowcut's potential for rehabilitation and his lack of criminal history but noted, on the other side of the scale, the enormity of the criminal activity in which Bowcut engaged. Despite the mitigating factors, the district court was persuaded that a severe sentence was necessary for deterrent and punitive purposes, given the depravity of the conduct and the sheer quantity of photographs involved.

■ The record supports the district court's determination. Bowcut engaged in acts of oral sex and frottage with the young victims, while recording the acts in photographs. Although purporting to accept responsibility for his conduct, Bowcut attempted to minimize the egregiousness of his acts by asserting that he never used physical force, that the victims were not harmed because they were almost always asleep when he posed and took the photographs, and that when not asleep, they did not know "what was going on." In actuality, many of the photographs show that the victims were awake and sometimes wearing an expression of alarm or emotional discomfort. The victims' anguish may be exacerbated by the fact that Bowcut distributed the explicit photographs on the Internet where they are be-

yond retrieval, leaving the victims with knowledge that the photos will be seen by unlimited numbers of people for an unlimited time. His distribution of the photographs may also contribute to harm to other children if the pedophiles who view the photos are thereby prompted to victimize others. In addition to the photographs that were the basis for these charges, Bowcut also took photographs of teenage girls, purportedly showing them modeling clothing. He sold many of those photographs via the Internet, under circumstances indicating that the purchasers probably were pedophiles. He thus exploited children for economic profit.

■ When we review a sentence, the question before us is not whether the sentence is one that this Court would have chosen. Rather, if reasonable minds might differ as to the appropriateness of the sentence, the discretion vested in the district court will be respected. In this case, we cannot say that Bowcut's sentence is excessive under any reasonable view of the facts. Therefore, the sentence imposed by the district court is affirmed.

■ Bowcut also contends that the district court erred in denying his motion for a reduction of the sentence pursuant to Rule 35. In response, the State argues that the district court lacked jurisdiction to consider Bowcut's motion because it was untimely, having been filed 174 days after entry of the judgment of conviction. Rule 35 specifies that a motion for reduction of a sentence, other than one for correction of an illegal sentence, must be filed within 120 days following judgment. Bowcut's motion did not allege that the sentence was illegal; it was merely a request for leniency governed by the 120–day time limit. This time restriction is a jurisdictional limitation on the power of the sentencing court. *State v. Starry*, 130 Idaho 834, 835, 948 P.2d 1133, 1134 (Ct.App.1997); *State v. Porath*, 113 Idaho 974, 975, 751 P.2d 670, 671 (Ct.App.1988). Consequently, the district court here lacked jurisdiction to grant Bowcut's motion, and the court therefore acted correctly in denying it.

For the foregoing reasons, Bowcut's judgment of conviction and sentence, and the order denying his motion for reduction of sentence, are affirmed.

Judge PERRY and Judge GUTIERREZ concur.