**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37632**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 348 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FREDERICK YELLEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Frederick Yellen, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge, LANSING, Judge
and MELANSON, Judge

_____

PER CURIAM

In 2005, Frederick Yellen pleaded guilty to propelling bodily fluid at a correctional officer, I.C. § 18-915B, for having spit on a correctional officer. Although the prosecutor and defense counsel at sentencing both recommended a six-month consecutive sentence, the district court imposed a unified three-year sentence with one and one-half years determinate, to be served consecutively to Yellen's sentence in another case. Over five years later, in March 2010, Yellen filed an Idaho Criminal Rule 35 motion to correct an illegal sentence. The district court denied the motion, and Yellen appeals.

Yellen's motion was predicated on a contention that the district court had imposed a sentence of six months determinate plus six months indeterminate for the charged offense and an additional six months determinate plus six months indeterminate for each of two other incidents

1

for which Yellen had not been charged. Therefore, he contends that the portion of his sentence exceeding six months determinate followed by six months indeterminate is illegal because it was imposed for uncharged offenses.

Motions for correction of a sentence are governed by I.C.R. 35, which authorizes motions to correct a sentence that was imposed in an illegal manner within 120 days after the filing of the judgment of conviction, but allows motions to correct an illegal sentence at any time. These filing limitations are jurisdictional, and the district court therefore lacked jurisdiction to grant any motion requesting relief after the time limit prescribed by the rule. *State v. Bowcut*, 140 Idaho 620, 622, 97 P.3d 487, 489 (Ct. App. 2004); *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct. App. 1987). Consequently, because Yellen's motion was not filed within 120 days after the judgment of conviction, the district court had jurisdiction to consider only whether Yellen's sentence was illegal. The term "illegal sentence" under Rule 35 means a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009).

Yellen bases his argument upon comments made by the judge at the sentencing hearing. It is not entirely clear from the *Clements* opinion whether the "face of the record" which must disclose the sentencing illegality would include the transcript of the sentencing hearing. For purposes of this appeal, however, we will assume that Yellen's claim, if supported by the sentencing hearing transcript, would constitute a claim that the sentence is illegal, and we accordingly treat his motion as timely.

The transcript of the sentencing hearing does not, however, substantiate Yellen's contention. While the district court there used perhaps unfortunate language concerning other incidents where Yellen spit on correctional personnel, it is apparent that the district court did not sentence Yellen for uncharged crimes. The district court specifically said, "This defendant is being sentenced only for this incident but he can look at it--he is not being sentenced for three spitting incidents." The district court did take into consideration that this was the third time that Yellen had spit on correctional officers, but such a consideration was entirely permissible. A court at sentencing may, with due caution, take into account a wide array of information relevant to the sentencing decision, including other misconduct and uncharged crimes of the defendant. *State v. Murillo*, 135 Idaho 811, 815, 25 P.3d 124, 128 (Ct. App. 2001); *State v. Helms*, 130

2

Idaho 32, 34-35, 936 P.2d 230, 232-33 (Ct. App. 1997). Thus, the record here does not demonstrate that Yellen's sentence was illegal.

Yellen also argues that the district court erred by failing to allow a hearing on the Rule 35 motion. This argument is without merit, for I.C.R. 35(b) provides that motions to correct or modify sentences under the rule shall be considered and determined "without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion." In view of the lack of merit in Yellen's motion, the court did not abuse its discretion by declining to conduct a hearing.[1]

Yellen has shown no error in the district court's decision. Therefore, the order denying Yellen's motion to correct an illegal sentence is affirmed.

---

[1] Yellen also states as an issue in his appellant's brief that the district court erred by refusing to appoint counsel to represent him on his Rule 35 motion, but the appellant's brief contains no argument on this issue. A party waives an issue on appeal if argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Yellen presented argument concerning the failure to appoint counsel in his reply brief, but we do not address issues presented for the first time in a reply brief. *State v. Gamble*, 146 Idaho 331, 336, 193 P.3d 878, 883 (Ct. App. 2008).