**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39548**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 717 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 13, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PEDRO PETE NAVEJAR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge; Hon. Theresa Gardunia, Magistrate.

District court order dismissing intermediate appeal, vacated, and case remanded for amended order affirming magistrate court's order.

Alan E. Trimming, Ada County Public Defender; Thomas J. Moore, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Pedro Pete Navejar appeals from the district court's order dismissing Navejar's intermediate appeal from a magistrate court's order denying his motion for modification of his sentence.

**I.**

**BACKGROUND**

In 2009, Navejar was charged with misdemeanor driving under the influence of alcohol, Idaho Code § 18-8004(c). He pleaded guilty on January 27, 2010, and was sentenced on the same day. A judgment was filed on February 3. As part of the sentence, the magistrate court ordered Navejar to serve 163 days in the Ada County Jail, consecutive to a prior felony sentence. For reasons that are not clear from the record, the magistrate court conducted a "file memo

1

review" hearing on March 25, 2010, in which certain terms may have been added to Navejar's sentence and/or conditions of probation. Although this hearing appears to have been somewhat unconventional, neither the hearing nor the resulting order is of significance to the present appeal.

Beginning in February 2010, Navejar, acting pro se, began writing a series of informal, handwritten requests to the magistrate court which are best characterized as motions for modification of his sentence under Idaho Criminal Rule 35. They requested principally that his misdemeanor DUI sentence be revised to run concurrently with the felony sentence that he was then serving. These requests were either denied or not acted upon by the magistrate court. The last of these requests was filed on May 10, 2011, and denied on May 11, 2011.

Navejar filed a pro se notice of appeal to the district court on May 31, 2011. The district court appointed counsel to represent Navejar and requested briefing on the question of the timeliness of the appeal. The district court ultimately dismissed the appeal as untimely, explaining:

> Rule 35 of the Idaho Criminal Rules addresses motions for correction or reduction in sentence. It provides that an illegal sentence may be corrected at any time but that a motion for reduction in sentence must be filed within 120 days of the entry of the judgment of conviction. An order denying a motion for reduction in sentence is appealable under Rule 11(e)(6) of the Idaho Appellate Rules and must be filed within 42 days of the entry of the order under Rule 14. In this case the May 27 2011 [sic] motion was more than 120 days from the entry of judgment. Since it was untimely, the appeal is also untimely.
> . . . .
> Since timely filing of a notice of appeal and a motion for reduction of sentence is jurisdictional, this court is without authority to hear this appeal. Therefore, the appeal is dismissed.

Navejar now further appeals to this Court, arguing that the district court erred in concluding that the appeal from the magistrate court's order was untimely.

## II.

## ANALYSIS

A motion to modify a misdemeanor sentence, other than for the purpose of correcting an illegal sentence, must be filed within 120 days after the filing of the judgment of conviction. I.C.R. 35(b). This 120-day limitation is a jurisdictional limit on the power of the sentencing court, and therefore an untimely motion may not be granted. *State v. Bowcut*, 140 Idaho 620,

2

622, 97 P.3d 487, 489 (Ct. App. 2004); *State v. Fox*, 122 Idaho 550, 552, 835 P.3d 1361, 1363 (Ct. App. 1992); *State v. Porath*, 113 Idaho 974, 975, 751 P.2d 670, 671 (Ct. App. 1988). A magistrate court's order denying a Rule 35 motion may be appealed to the district court pursuant to I.C.R. 54.1(f). Such an appeal must be filed within forty-two days from entry of the order. I.C.R. 54.3(a).

The magistrate court's May 11, 2011, order from which this appeal was taken denied a Rule 35 motion filed by Navejar on May 10, 2011, more than one year after the entry of his judgment of conviction. Therefore, the district court correctly held that the motion was untimely and that the magistrate court lacked jurisdiction to grant the motion.

Navejar argues that his May 10, 2011, motion was "his first formal motion to address the imposition of his misdemeanor sentence--through Rule 35 or otherwise," and that his prior informal letters to the magistrate did not constitute Rule 35 motions. This argument, even if accurate, is irrelevant to the timeliness of the May 10 motion. Even assuming it was his first Rule 35 motion, so that it was not barred by the rule against successive Rule 35 motions, it was nevertheless untimely.

Navejar also argues that his motion contested the legality of his sentence and therefore is not time-barred, but that contention is belied by the record. The May 10 motion did not assert any illegality in the sentence, but merely requested leniency by allowing the misdemeanor sentence to be served concurrently with Navejar's felony sentence. Even on appeal, Navejar offers no basis upon which his misdemeanor sentence could be considered illegal. Therefore, the May 10, 2011, motion was plainly untimely and was properly denied by the magistrate.

The district court erred, however, in concluding that Navejar's *appeal* was untimely. The untimeliness of his underlying motion in the magistrate division does not equate to untimeliness of his appeal to the district court. That appeal was filed only twenty days after the challenged magistrate court order, and it was therefore timely pursuant to I.C.R. 54.3. We have noted that "a court has jurisdiction to determine whether it possesses jurisdiction." *State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010). *See also United States v. Ruiz*, 536 U.S. 622, 628 (2002). Likewise, when a timely appeal has been taken, an appellate court possesses jurisdiction to review a trial court's order, even if that order was made without jurisdiction. Were the rule otherwise, an appellate court would be helpless to remedy a trial court's improper attempt to act without jurisdiction. Therefore, rather than dismissing Navejar's appeal, the

3

district court should have simply entered an order of affirmance of the magistrate's decision. It follows that the district court's order dismissing the appeal must be amended to an affirmance of the order of the magistrate court denying Navejar's May 10, 2011, motion for modification of his sentence.

Accordingly, the district court's order dismissing the intermediate appeal is vacated and the case is remanded to the district court for entry of an amended order affirming the order of the magistrate court.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**