**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40643/40644/40645**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 749 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ZACHARY ZANE HANSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUITIERREZ, Chief Judge; LANSING, Judge; and MELANSON, Judge

_____

PER CURIAM

In the first of the three cases that are consolidated on this appeal, Zachary Zane Hansen was convicted of felony malicious injury to property, Idaho Code § 18-7001. The district court withheld judgment and placed him on probation. Subsequently, Hansen admitted to violating the terms of his probation by committing new crimes of burglary, I.C. § 18-1401; and possession of a stolen vehicle, I.C. § 49-228. The district court revoked the withheld judgment in the injury to property case and imposed concurrent unified sentences of five years with two years determinate for malicious injury to property, six years with three years determinate for burglary, and five years with three years determinate for possession of a stolen vehicle. After a period of retained jurisdiction, the district court suspended Hansen's sentences and placed him on supervised

1

probation. However, following a report of probation violations, on November 5, 2012, the district court revoked Hansen's probation and ordered execution of his sentences. On December 17, 2012, Hansen filed in each case an Idaho Criminal Rule 35 motion for reduction of his sentence. The district court denied the motions as untimely. Hansen appeals from the denial of his Rule 35 motions.

Rule 35 authorizes the court to entertain a motion for reduction of sentence if the motion is filed within 120 days after entry of the judgment of conviction or within 14 days after the revocation of probation. This time limit on motions seeking reduction of sentence as a matter of leniency is jurisdictional. *State v. Bowcut*, 140 Idaho 620, 622, 97 P.3d 487, 489 (Ct. App. 2004). Because Hansen's Rule 35 motions were filed forty-two days after entry of the order revoking his probation, the district court correctly denied the motions as untimely. Therefore, the district court's orders denying Hansen's Rule 35 motions are affirmed.