J. JONES, Justice.
David Leroy Lee appeals from the district court’s order denying his motion to strike certain language from his judgment of acquittal. In that judgment, the district court declared that “[bjecause [Lee] is a serious pedophile, it is hoped that the authorities will be able to keep a closer watch on him in the future.”
I.
FACTUAL AND PROCEDURAL HISTORY
Appellant David Leroy Lee was convicted of lewd conduct with a minor under age 16 and, as a result, is required to register as a sex offender and biannually confirm his address with the sex offender registry. Lee was also required to wear an electronic monitoring device (“ankle bracelet”) as a condition of his parole. State v. Lee, 153 Idaho 559, 560, 286 P.3d 537, 538 (2012). In early October 2001, Lee cut off his ankle bracelet and vacated his residence. Id. Lee never filed a change of address with the sex offender registry. Id. On May 17, 2009, Lee was arrested in Belize and was thereafter extradited to Idaho in June of 2009. Id. Lee was then charged with failure to comply with the requirements of I.C. § 18-8309. Id. A jury returned a guilty verdict and the district court entered a judgment of conviction from which Lee appealed.
In State v. Lee, this Court vacated Lee’s judgment of conviction on the ground that I.C. § 18-8309 does not apply to changes of residence to other countries. 153 Idaho at 561, 286 P.3d at 539. The Court ordered the district court to issue a judgment of acquittal upon remand. On remand, the district court issued a Judgment of Acquittal After Remittitur, which read:
*445 The defendant was convicted after a trial by jury of the offense of Failing to Register as a Sex Offender. He registered in Idaho, cut off his anide monitor and fled and was eventually located in Belize after traveling in the United States____ The Supreme Court overturned that decision by its Opinion No. 109 filed July 5, 2012. Based upon the Supreme Court’s decision and a remittitur having entered, the verdict of the jury is vacated and a judgment of acquittal is entered. Because he is a serious pedophile, it is hoped that the authorities will be able to keep a closer watch on him in the future. As mandated, the judgment of acquittal is entered.
(emphasis added). Lee filed a motion to strike the italicized language above. The district court denied Lee’s motion in an Order Denying Motion, which stated:
The Court entered the Judgment of Acquittal as required by the remittitur. He prevailed on appeal because of the Supreme Court’s interpretation of the statute but after he had been sentenced, after he had a presentence report prepared and he had been given an opportunity to challenge all the information contained in that report so he was afforded due process. He is subject to a duty to register which preexisted this case. Presumably, the Parole Board will have access to all of the information generated as a result of the defendant’s prior offenses. The record is abundantly clear that the defendant is a risk to children. The Motion to Strike is denied.
Lee then filed a timely appeal.
II.
ISSUE ON APPEAL
The only issue on appeal is whether the district court erred in denying Lee’s motion to strike.
III.
ANALYSIS
A. The district court erred in denying Lee’s motion to strike.
Lee asserts that the district court lacked subject matter jurisdiction, abused its discretion, and violated his right to procedural due process when it denied his motion to strike. Because we hold — pursuant to our supervisory power under the Idaho Constitution — that the district court erred in denying Lee’s motion to strike, Lee’s other arguments need not be considered.
This Court has “inherent power under article 5, section 2[,] which vests the judicial power of the state in this Court.” Sunshine Mining Co. v. Allendale Mut. Ins. Co., 105 Idaho 133, 136-37, 666 P.2d 1144, 1147-48 (1983). Article 5, section 2 of the Idaho Constitution reads in part:
The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court.
Idaho Const. art. V, § 2. The purpose of a unified and integrated judicial system “is to centralize the administrative power of the entire judicial system in the Supreme Court and make the chief justice the administrative head of all courts.” Crooks v. Maynard, 112 Idaho 312, 316, 732 P.2d 281, 285 (1987). In sum, “the Supreme Court, acting through the chief justice is the supervisor for all judicial personnel.” Id. This obviously includes Idaho judges.
This case was remanded to the district court for entry of a judgment of acquittal. Lee, 153 Idaho at 563, 286 P.3d at 541. That brings into play Idaho Appellate Rule 38(c), which provides for the filing of a remittitur requiring the district court to comply with the directive of the opinion,[1] and Idaho Crim *446 inal Rule 33(b), which sets forth some criteria for criminal judgments.[2] Idaho Criminal Rule 33(b) allows for the inclusion of “findings” in a judgment of conviction, but is silent as to inclusion of findings when a defendant is not guilty. However, all that is necessary in the latter case is to perhaps state why an acquittal or discharge is being ordered.
The district court’s inclusion of the superfluous language that was sought to be stricken by Lee’s motion essentially amounts to editorializing. The comment that Lee “is a serious pedophile” was not even at issue in the ease. While there is no question that Lee had previously been convicted of lewd conduct with a minor under age 16 and was required to register as a sex offender, the question below was whether he had violated I.C. § 18-8309 by failing to provide notice of a change of address. This particular comment was not pertinent to the crime charged, nor was it necessary to indicate why the judgment of acquittal was being entered. While the district judge did not transgress any specific rules of this Court, the Court has endeavored to remove excess and unnecessary verbiage from judgments in the civil arena (I.R.C.P.54(a)), and they are no more desirable in the criminal arena. Judgments should be limited to stating the disposition of the case.
Given the facts of the case — that Lee had cut off his anide bracelet and absconded — the district court’s comment about the authorities keeping a closer watch on him in the future is certainly understandable. Indeed, the purpose of I.C. § 18-8309 is to allow authorities to do just that. Although Lee certainly violated the spirit of the law, he was the lucky beneficiary of language that was not quite up to the task of covering his particular situation. Nevertheless, the comment made by the district judge in the judgment of acquittal was, again, surplus and unnecessary.
Based on the Court’s supervisory power, we conclude that the surplus language should not have been included in the judgment of acquittal in the first place and that when Lee raised the issue in his motion to strike, that motion should have been granted. The Court certainly understands the concerns of the district judge and this opinion is not intended to be regarded in any fashion as a rebuke. Rather, the Court is merely pursuing its effort to exclude unnecessary information or statements from court judgments.
IV.
CONCLUSION
The order of the district judge denying Lee’s motion to strike is reversed and the ease is remanded to the district court for entry of an amended judgment of acquittal eliminating the sentence in question.
Chief Justice BURDICK, and Justice EISMANN, and Justice Pro Tern SCHROEDER concur.

. Idaho Appellate Rule 38(c) provides:
When the opinion filed has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur with the district court or administrative agency appealed from and mail copies to all parties to the appeal and to the presiding district judge or chairman of the agency. The remittitur shall advise the district court or administrative agency that the opinion has become final and *446 that the district court or administrative agency shall forthwith comply with the directive of the opinion.
I.A.R. 38(c) (emphasis added).

. Criminal judgments are governed by I.C.R. 33(b), which states:
The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.
I.C.R. 33(b).