**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41788**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 479** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 29, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GAVIN LAMAR MOUR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to strike language from order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Gavin Lamar Mour appeals from the district court's denial of his motion to strike language from its order relinquishing jurisdiction. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Upon Mour's guilty plea to possession of a controlled substance, the district court imposed a unified five-year sentence, with two years determinate, but suspended the sentence and placed Mour on probation. Ten months later, the State filed a probation violation report, resulting in the revocation of Mour's probation and the district court retaining jurisdiction. Following a jurisdictional review hearing, Mour was again placed on probation. Less than four months later, the State filed a second probation violation report. The district court again revoked Mour's probation and retained jurisdiction.

1

Approximately two months into the period of retained jurisdiction, Mour filed a motion requesting the district court relinquish jurisdiction. The district court denied the motion, but did relinquish jurisdiction two months later. The order relinquishing jurisdiction included the following language:

> **THE IDAHO DEPARTMENT OF CORRECTION IS ENCOURAGED TO PROVIDE MR. MOUR WITH THE <u>THERAPEUTIC COMMUNITY</u> DURING THE SERVICE OF THE TERM OF HIS SENTENCE. HIS FEBRUARY 3, 2014 APSI INDICATES HE WILL BE GIVEN A "HIGH RISK PATHWAY" SINCE HIS LSI IS 42[.] THIS COURT REQUESTS AN OVERRIDE IF THAT IS THE CASE, REQUESTING THAT HE GET INTO THE THERAPEUTIC COMMUNITY.**
>
> **THE STATE OF IDAHO COMMISSION OF PARDONS AND PAROLE IS ENCOURAGED NOT TO CONSIDER MR. MOUR ELIGIBLE FOR PAROLE UNTIL HE HAS SUCCESSFULLY COMPLETED THE THERAPEUTIC COMMUNITY.**

Mour filed a motion to strike this language from the order. The district court denied the motion, and Mour now appeals.

## II.

## ANALYSIS

Mour contends the district court "improperly included unnecessary language" in the order relinquishing jurisdiction and therefore erred by failing to grant his motion to strike that language. His argument that the language was improperly included is premised on Idaho Criminal Rule 33(b) which governs criminal judgments:

> The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

I.C.R. 33(b). Although acknowledging that the district court's order in this case was not a judgment of conviction "as typically contemplated," he argues it "is the functional equivalent" and should therefore only contain the items listed in the rule.

In support of his argument he cites *State v. Lee*, 156 Idaho 444, 446, 328 P.3d 424, 426 (2014), as "interpreting" Rule 33(b). There, the Supreme Court, exercising its supervisory power, held the district court erred by denying Lee's motion to strike the following language from Lee's judgment of acquittal: "[b]ecause he is a serious pedophile, it is hoped that the

2

authorities will be able to keep a closer watch on him in the future." *Lee*, 156 Idaho at 445, 328 P.3d at 425. In striking this language, the Court noted that "while the district judge *did not transgress any specific rules of this Court*, the Court has endeavored to remove excess and unnecessary verbiage from judgments in the civil arena . . . and they are no more desirable in the criminal arena." *Id*. at 446, 328 P.3d at 426 (emphasis added). The Court concluded that "judgments should be limited to stating the disposition of the case." *Id*.

However, as the State points out, *Lee* does not support Mour's assertions on appeal. The *Lee* Court specifically noted that inclusion of "superfluous language" in a judgment does *not* "transgress any specific rules." *Id*. Thus, even if we accept Mour's contention on appeal (which he does not support with authority) that the order in this case was the functional equivalent of a judgment pursuant to *Lee*, the inclusion of superfluous language does not actually run afoul of a court rule. This contravenes Mour's contention that Rule 33(b) prohibits such language. Thus, Mour's contention that the district court erred by denying his motion to strike, which is based on Rule 33(b), is without merit.[1]

Mour also cites this Court's decision in *State v. Starry*, 130 Idaho 834, 948 P.2d 1133 (Ct. App. 1997), as support for his statement that "'encouraging' the parole board to refrain from granting Mr. Mour parole pending his completion of the Therapeutic Community was improper, unnecessary and arguably encroaches upon the authority vested in the executive branch through the Commission of Pardons and Parole." In *Starry*, the defendant filed a "petition to commute sentence," which was denied by the district court. *Id*. at 835, 948 P.2d at 1134. On appeal, this Court noted that the district court did not have the authority to commute a sentence once it had been imposed and executed because such authority is vested solely in the executive branch acting as the Commission of Pardons and Parole. *Id*. (citing IDAHO CONST. ART. IV, § 7; I.C. § 20-240). The Court then reframed Starry's petition as a Rule 35 motion and held the district court had no jurisdiction to rule on the merits of such a motion because it was untimely. *Id*.

*Starry* does not support Mour's contention that the district court acted improperly by "[e]ncouraging" the Board not to grant him parole pending the completion of therapeutic

---

[1] As indicated above, the *Lee* Court did strike the language as an exercise of its supervisory power. Mour does not argue that the appellate court should exercise its supervisory power to strike the language in this case, and thus we need not reach that issue. And, as the State points out, even if it was raised, only the Idaho Supreme Court has such supervisory power.

3

community. *Starry* says nothing in regard to the propriety of the district court encouraging a course of action; it only states a court does not have the authority to actually commute a sentence once it has been imposed and executed, which is a much different proposition. As the district court in this case noted at the hearing on Mour's motion to strike, the executive branch was not bound by the court's recommendation and the court's statement represented only the court's "best thoughts on how to best protect the public by best rehabilitating Mr. Mour" based on its experience with Mour. To interpret *Starry* as prohibiting such a recommendation would strain the decision beyond credulity and we will not do so here.[2] The district court did not err by denying Mour's motion to strike. The order of the district court denying Mour's motion to strike language from the order relinquishing jurisdiction is affirmed.

Judge LANSING and Judge GRATTON **CONCUR**.

---

[2] By coming to this holding, we do not comment on the advisability of the inclusion of such recommendations.

4