**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42558**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 505 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 26, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PAUL ALLEN LOZANO, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order denying I.C.R. 33 motion for commutation of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Paul Allen Lozano appeals from the district court's denial of his I.C.R. 33(d) motion for commutation of his sentence. We affirm.

In November 2006, Lozano pled guilty to rape. I.C. § 18-6101(1). The district court sentenced Lozano to a unified term of ten years, with a minimum period of confinement of three years. Lozano was placed in the retained jurisdiction program and later released on probation. In 2008, Lozano violated the terms of his probation, which the district court revoked, and the district court executed Lozano's original sentence. In September 2014, Lozano filed a pro se

1

motion to commute his sentence pursuant to I.C.R. 33(d). The district court denied Lozano's motion. Lozano appealed.

On appeal, Lozano argues that the district court erred in denying his motion for commutation because "through his hard work during sex offender treatment and his good behavior during his incarceration, he has earned his release." The state asserts that the district court had no authority to commute Lozano's sentence and was without jurisdiction to consider Lozano's motion. We agree.

The district court has no authority to commute a sentence after it has been imposed and executed. *State v. Starry*, 130 Idaho 834, 835, 948 P.2d 1133, 1134 (Ct. App. 1997). The authority to commute a sentence after it has been imposed and executed is vested in the executive branch through the Board of Pardons, acting as the Commission of Pardons and Parole. IDAHO CONST., art. IV, § 7; *Starry*, 130 Idaho at 835, 948 P.2d at 1134. The record reveals that Lozano's sentence was executed in 2008 and that Lozano filed his motion to commute his sentence over six years later. Consequently, the district court correctly determined that it was without jurisdiction to consider Lozano's motion.

Based upon the foregoing, the district court's denial of Lozano's Rule 33 motion to commute his sentence is affirmed.