**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51206**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ARTHUR RAY TIBBS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon Cynthia K.C. Meyer, District Judge. Hon. Scott Wayman, District Judge.

Orders of the district court and amended judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Arthur Ray Tibbs appeals from the district court's denial of his Idaho Criminal Rule 35(b) motion to reduce his sentence, I.C.R. 33(d) motion to commute the sentence, and I.C.R. 33(c) motion to withdraw his guilty plea. Mindful that the district court did not have the authority or jurisdiction to consider or grant the post-remand motions, Tibbs asserts the district court abused its discretion by denying the motions. The State contends the district court correctly denied Tibbs' motions because the district court lacked authority and jurisdiction to consider the motions or grant Tibbs' requested relief. The orders of the district court and Tibbs' judgment of conviction are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Tibbs was charged with delivery of a controlled substance, methamphetamine, Idaho Code § 37-2732(a)(1) (Count I); felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1) (Count II); misdemeanor possession of a controlled substance, marijuana, I.C. § 37-2732(c)(3) (Count III); and possession of drug paraphernalia, I.C. § 37-2734A(1) (Count IV). The State also filed a part II to the information alleging Tibbs is a persistent violator, I.C. § 19-2514. The district court severed Count I from Counts II-IV and proceeded to a jury trial on Count I. The jury found Tibbs guilty of Count I and of being a persistent violator. Following the verdict, Tibbs signed a pretrial settlement wherein he agreed to plead guilty to the three remaining charges pursuant to an *Alford*[1] plea. Tibbs was sentenced to a unified sentence of ten years, with five years determinate, for Count I, with the persistent violator enhancement, and a unified sentence of seven years, with five years determinate, for Count II, to be served concurrently. Tibbs was given 246 days of credit for time served for Counts III and IV.

Tibbs filed a motion for modification of sentence pursuant to I.C.R. 35(b) requesting "participation in a retained jurisdiction program; reduction of the determinate period of his sentence; and/or, reduction of the indeterminate period of his sentence." A hearing on the motion was held and the district court denied the motion. Tibbs appealed from the judgment of conviction for Count I, and this Court vacated the conviction and remanded for further proceedings. *State v. Tibbs*, Docket No. 48969 (Ct. App. Mar. 10, 2023) (unpublished). An amended judgment was entered vacating the conviction and sentence for Count I and reflecting the judgment and sentence for Count II remained.

Tibbs filed a second motion for modification of sentence pursuant to I.C.R. 35(b), arguing that vacating his judgment of conviction for Count I changed the circumstances. Tibbs also filed a motion to commute his sentence pursuant to I.C.R. 33(d), as to Count II. The State filed a motion to dismiss Count I and the court entered an order granting the dismissal. The district court denied Tibbs' I.C.R. 35(b) motion finding that it was a successive motion, which is procedurally barred. The district court also denied Tibbs' I.C.R. 33(d) motion, finding the motion was not timely filed and the court was without jurisdiction to reconsider the sentence and consider commutation. The

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

district court stated that, even absent the lack of jurisdiction, the court would have denied the motions on the merits. Tibbs then filed a motion to withdraw his guilty plea pursuant to I.C.R. 33(c) based on manifest injustice. Tibbs argued that because his sentence included consideration of the guilty verdict for Count I and that count was subsequently remanded and dismissed, the guilty plea and sentence for Count II was manifestly unjust because the question of guilt regarding Count I was never placed before a jury again. The district court denied the motion to withdraw Tibbs' guilty plea. Tibbs appeals from the district court's denial of his motions.

## II.

## STANDARD OF REVIEW

A question of jurisdiction is fundamental; it cannot be ignored when brought to the attention of the appellate court and should be addressed prior to considering the merits of an appeal. Whether a trial court had subject matter jurisdiction over a proceeding is an issue of law that is reviewed de novo. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015).

## III.

## ANALYSIS

Mindful that the district court did not have the authority to grant Tibbs' successive I.C.R. 35(b) motion or the I.C.R. 33(d) motion and did not have jurisdiction to consider the I.C.R. 33(c) motion, Tibbs argues that the district court abused its discretion by denying his motions and failing to grant his requested relief. The State argues the district court correctly determined that it did not have authority or jurisdiction to consider Tibbs' motions.

On appeal, Tibbs concedes that the district court did not have the authority or jurisdiction to grant any of his motions and recognizes that *State v. Brown*, 170 Idaho 439, 511 P.3d 859 (2022) (holding the one-motion limit in I.C.R. 35(b) is a non-flexible procedural rule), *State v. Starry*, 130 Idaho 834, 948 P.2d 1133 (Ct. App. 1997) (holding that failure to timely file an I.C.R. 33(d) motion deprives the district court of jurisdiction to grant relief), and *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003) (holding I.C.R. 33(c) does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea) control the outcome of the case. Given Tibbs' recognition of the controlling law, we find no error by the district court in denying the motions.

3

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying Tibbs' successive I.C.R. 35(b) motion to modify his sentence or his I.C.R. 33(d) motion to commute his sentence, because the court lacked authority to do so. The district court did not abuse its discretion in denying Tibbs' I.C.R. 33(c) motion to withdraw his guilty plea because it did not have jurisdiction to do so. We affirm the orders of the district court and Tibbs' amended judgment of conviction.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.